UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 99-4403

RAYMOND BLACKWELL,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-97-232-CCB)

Submitted: February 29, 2000

Decided: March 20, 2000

Before WILKINS and MICHAEL, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James E. McCollum, Jr., Carla M. Mathers, JAMES E. MCCOL-
LUM, JR. & ASSOCIATES, P.C., College Park, Maryland, for
Appellant. Lynne A. Battaglia, United States Attorney, Andrea L.
Smith, Assistant United States Attorney, James M. Webster, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Raymond Blackwell appeals from a 235-month sentence imposed following his conviction for possession with the intent to distribute crack cocaine, 21 U.S.C. § 841(a) (1994). A review of the record discloses no reversible error. Thus, we affirm his conviction and sentence.

On appeal, Blackwell claims that the district court erred in denying his motion to suppress. We find that the district court did not clearly err in finding that Blackwell consented to the search. See United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996) (en banc). Further, we find that the trooper did not impermissibly exceed the scope of the original traffic stop because the car's registration had been suspended, and the trooper needed to ask additional questions to decide whether to have the vehicle towed immediately or whether to permit Blackwell to drive to a nearby rest stop and leave the car there. Cf. United States v. Rusher, 966 F.2d 868, 876-77 (4th Cir. 1992) (once a driver has produced a valid license and registration, the police must allow him to go on his way, and any further questioning exceeds the scope of the traffic stop "unless the officer has a reasonable suspicion of a serious crime"). Blackwell's responses and behavior in reaction to these questions were adequate to arouse the trooper's suspicion and led him to ask for consent to the search of the vehicle.

We also conclude that the district court did not abuse its discretion in admitting evidence of Blackwell's 1994 traffic stop and that, even if the court erred, such error was harmless. See United States v. Van Metre, 150 F.3d 339, 349 (4th Cir. 1998); United States v. Queen, 132 F.2d 991, 996 (4th Cir. 1997). Similarly, we find that district court's Allen* instruction was evenly balanced and did not suggest that jurors

_____

*Allen v. United States, 164 U.S. 492 (1896).

2

abandon their conscientious objections. Thus, the district court did not abuse its discretion in giving the challenged <u>Allen</u> charge. <u>See United States v. Cropp</u>, 127 F.3d 354, 359-60 (4th Cir. 1997). We also reject Blackwell's claim that the district court's second inquiry into the status of deliberation at the close of the day was coercive. Moreover, if the district court's second inquiry was improperly coercive, Blackwell cannot complain because the court's second inquiry was made at Blackwell's request. <u>See United States v. Jackson</u>, 124 F.3d 607, 617 (4th Cir. 1997) (an appeal may not lie from an error that the defendant himself has caused).

Accordingly, we affirm his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3